IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTONIO LORENZO HOGGAN**   **PLAINTIFF**

v.   **CIVIL ACTION NO. 1:24-cv-00345-TBM-RPM**

**CITY OF GULFPORT POLICE DEPARTMENT**   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on *pro se* Plaintiff Antonio Lorenzo Hoggan's failure to comply with Court Orders. When he filed his Complaint, Plaintiff was an inmate housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. [1], p. 1. His claims arise under 42 U.S.C. § 1983. [4], p. 3.

While screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq.*, the Court sent mail to Plaintiff at his last-known mailing address that was later returned to the Court as undeliverable. [15], p. 1. On April 25, 2025, the Court directed Plaintiff, on or before May 9, 2025, to "file a written response to advise the Court whether he wishes to proceed with this lawsuit." [16], p. 2. "Plaintiff [was] warned that his failure to timely comply with this Order or to advise the Court of a change of address . . . may result in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. That Order [16] was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable in an envelope marked, "unable to locate inmate." [17], p. 1. Plaintiff did not comply with the Court's Order [16] by the May 9 deadline.

On May 21, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with a Court Order. [18], pp. 1-2. Plaintiff's responsive deadline

was extended to June 4, 2025, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." [18], pp. 1-2. The Order to Show Cause [18], with a copy of the Court's April 25 Order [16], was mailed to Plaintiff at his last-known mailing address, and it was again returned to the Court as undeliverable in an envelope marked, "unable to locate inmate." [19], p. 1. Plaintiff did not comply with the Court's Order [18] by the June 4 deadline.

On June 16, 2025, the Court entered a Second and Final Order to Show Cause [20], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [18] [16]." [20], p. 2. Plaintiff was ordered to file a written response on or before June 30, 2025. [20], p. 2. Plaintiff was also ordered, on or before the June 30 deadline, to comply with the Court's April 25 Order [16] "by answering the question posed therein." [20], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court *will be* deemed a purposeful delay and contumacious act by Plaintiff and *will result* in this lawsuit being dismissed without prejudice and without further notice to him." [20], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [18] [16]." [20], p. 2. The Second and Final Order to Show Cause [20], with a copy of the Court's April 25 Order [16] and May 21 Order [18], was mailed to Plaintiff at his last-known mailing address, and it was yet again returned to the Court as undeliverable in an envelope marked, "unable to locate inmate." [21], p. 1.

Plaintiff has not complied with the Second and Final Order to Show Cause [20], and he has not communicated with the Court about his lawsuit since March 3, 2025. [14], p. 1. This inaction

2

is despite being warned ten times that a failure to comply with the Court's orders may lead to the dismissal of his case. *See* [1-1], p. 1; [2], p. 1; [3], p. 2; [5], p. 2; [8], p. 2; [12], p. 2; [13], p. 2; [16], p. 2; [18], p. 2; [20], p. 2. This inaction also includes a failure to notify the Court about his current address.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [16] [18] [20], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

THIS, the 22nd day of July, 2025.

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**